United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HARRIETTE DENISE COLLINS,

    Plaintiff,

    v.

WMC MORTGAGE CORPORATION, et al.,

    Defendants.
_____/

No. C 10-5190 PJH

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

    The court is in receipt of plaintiff's ex parte motion for temporary restraining order and preliminary injunction filed on December 5, 2010 (after an initial case reassignment, this court received plaintiff's motion papers and the underlying complaint on December 9, 2010). Having read plaintiff's papers and carefully considered the arguments therein, the court hereby DENIES plaintiff's request.

    Preliminarily, it is unclear from the papers whether plaintiff's request for a temporary restraining order and preliminary injunction proceeds on an ex parte basis. No proof of service of the summons and complaint or of the application for a temporary restraining order and preliminary injunction has been filed with respect to five of the six named defendants (only Aurora Loan Services appears to have been served) and no defendant has entered an appearance. The substance of plaintiff's request also does not specifically state whether relief is sought ex parte. Assuming plaintiff proceeds on an ex parte basis, plaintiff's initial request is devoid of any declaration that complies with the requirements of Federal Rule of Civil Procedure ("FRCP") 65 - a necessary prerequisite before a temporary restraining order may be issued on an ex parte basis. See Fed. R. Civ. P. 65(b) (plaintiff must file an affidavit or verified complaint that sets forth "specific facts . . . clearly show[ing]

that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and furthermore, a written certification by the plaintiff's attorney of the "efforts made to give service and the reasons why it should not be required").  While plaintiff's attorney does appear to have filed a declaration, that declaration avers only that plaintiff attempted to provide notice of the present motion to defendant Aurora Loan Services, and fails to set forth the efforts made to give service to the remaining defendants, or the reasons why service on them should not be required.  Accordingly, plaintiff's ex parte request for a temporary restraining order, having failed to satisfy the requisite procedural requirements, must be denied.

       The court furthermore notes that denial of plaintiff's request is also warranted because, even turning to the substance of plaintiff's request, plaintiff has nonetheless failed to establish that there is any irreparable harm requiring issuance of a temporary restraining order, or that she is likely to succeed on the merits of any of the seventeen underlying claims they rely on in her request for a temporary restraining order, as required under Winter v. Natural Res. Defense Council, Inc., 129 S. Ct. 365, 374 (2008); Alliance for the Wild Rockies v. Cottrell, --- F.3d ----, 2010 WL 3665149 (9th Cir. Sept. 22, 2010).  As a preliminary matter, plaintiff has relied on the incorrect standard for the grant of a temporary restraining order and preliminary injunction, since plaintiff relies on Ninth Circuit authority that predates the Supreme Court's recent Winter decision and the Ninth Circuit's Alliance for the Wild Rockies decision.  While this alone dooms plaintiff's request, the request is also infirm for other reasons.

       First, plaintiff's request fails to establish the existence of irreparable harm.  While plaintiff's moving papers make reference to a foreclosure of plaintiff's home that is ongoing, and state that plaintiff's loss of her home is "imminent as foreclosure proceedings have begun," this language is at odds with the complaint, which controls.  The complaint clearly alleges that defendant Aurora "refused to accept payments and *foreclosed* on plaintiff's home."  See Complaint, ¶ 14 (emphasis added).  At worst, if the foreclosure of plaintiff's

2

1 home is a past fact, plaintiff's reliance on foreclosure proceedings as a means of
2 demonstrating irreparable harm fails.  At best, there is an inconsistency revealed by the
3 complaint that similarly prevents the court from concluding that irreparable harm has
4 adequately been demonstrated.

5        Second, plaintiff has failed to adequately demonstrate likelihood of success on the
6 merits of any claim pled in the complaint.  Plaintiff's request appears to argue that likelihood
7 of success is satisfied in connection with a single claim pled in the complaint: the tenth
8 cause of action asserting a violation of California Civil Code § 2932.5.  While this cause of
9 action is pled against all defendants, it specifically references only defendant Mortgage
10 Electronic Registration Systems ("MERS") – a defendant who does not appear to have
11 been served in the action, and who has not yet appeared in the action.  As plaintiff properly
12 notes, Civil Code § 2932.5 provides simply: "Where a power to sell real property is given to
13 a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of
14 money, the power is part of the security and vests in any person who by assignment
15 becomes entitled to payment of the money secured by the instrument."  Plaintiff's motion
16 papers fail, however, to explain precisely how or why defendant MERS has violated the
17 provisions of section 2932.5.  And while plaintiff makes numerous references to other
18 provisions of California's Civil Code – sections 2924f and 2923.6 – none of these provisions
19 have been expressly pled in plaintiff's complaint.  In sum, therefore, plaintiff has failed to
20 adequately set forth a likelihood of success on the merits of her tenth cause of action.

21        Because plaintiff's "ex parte" request for a temporary restraining order and
22 preliminary injunction has failed to satisfy the procedural requirements of FRCP 65, or
23 additionally meet the requisite substantive legal standard, plaintiff's request is accordingly
24 hereby DENIED.  If for any reason plaintiff wishes to proceed with a hearing on a motion for
25 preliminary injunction plaintiff may simply file the motion and notice it for hearing on a 35
26 day briefing schedule as permitted by the local rules.  Plaintiff is reminded, however, that
27 the legal standard for issuance of a temporary restraining order and preliminary injunction
28

is identical, so if plaintiff does seek a preliminary injunction, then to the extent a foreclosure has already occurred, plaintiff cannot use this as a basis for demonstrating irreparable harm.  In addition, plaintiff must first serve the complaint and summons, in addition to such motion, on each defendant who has not yet been served.

**IT IS SO ORDERED.**

Dated: December 14, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge